**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )  | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 09-20143-03-CM (Criminal) |
| **CLAUDE WHITE,** ) | 16-2405-CM (Civil) |
| ) | |
| **Defendant.** ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This case is before the court on defendant Claude White's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 216) and Motion to Amend the Pending Title 28 U.S.C. § 2255 Petition Currently Before the Court (Doc. 228).  In his original motion, defendant claims that the sentence enhancement based on use of a firearm during and in relation to a crime of violence, under 18 U.S.C. § 924(c), is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In his motion to amend, defendant seeks to add a double jeopardy claim and argues that he was sentenced twice based on same conduct.  Defendant further alleges ineffective assistance of counsel based upon the alleged error in calculating his total offense level.  For the reasons set forth below, this court denies defendant's motions.

**I.    Factual Background**

On September 17, 2010, defendant pleaded guilty to attempted bank robbery and using and carrying a firearm in furtherance of a crime of violence.  The court sentenced defendant to 144 months on the attempted robbery count, plus a mandatory minimum sentence of 60 months for the 18 U.S.C. § 924(c) firearm count, which resulted in a total sentence of 204 months.

Defendant directly appealed, which was later dismissed on September 12, 2011.  Defendant filed his § 2255 motion on June 10, 2016, and motion to amend on October 31, 2016.

## II.     Defendant's 28 U.S.C. § 2255 motion

Defendant seeks collateral review more than four years after his appeal was dismissed.  He relies on a right that the United States Supreme Court recognized in *Johnson*, which was made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).  *See* 28 U.S.C. § 2255(f)(3).

*Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.  *See Johnson* 135 S. Ct. at 2563.  Defendant claims that attempted bank robbery can no longer constitute a predicate crime of violence and consequently, cannot serve to support a conviction under § 924(c).  Defendant argues that the residual clause in § 924(c) has similar language as the offending residual clause of the ACCA.

Defendant is ineligible for relief for two reasons.  First, *Johnson* did not clearly invalidate § 924(c)'s residual clause, and defendant's claim is untimely.  Second, armed bank robbery or attempted bank robbery are crimes of violence under § 924(c)'s force or element clause, not the residual clause. *See* 18 U.S.C. § 924(c)(3)(A) (this subsection, commonly known as the "force clause," defines a "crime of violence" as "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ").

Other courts addressing this issue have reached the same conclusion.  *See, e.g.*, *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) ("we are satisfied that bank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3), because it 'has as an element the use, attempted use, or threatened use of physical force'—specifically, the taking or attempted taking of property 'by force and violence, or by intimidation.'"); *United States*

*v. Willis*, No. 1:16-CV-815, 2016 WL 5219589, at *3–4 (E.D. Va. Sept. 20, 2016); *Lloyd v. United States*, No. CIV 16-0513 JB/WPL, 2016 WL 5387665, at *3 (D. N.M. Aug. 31, 2016).

The Tenth Circuit recently recognized that a federal bank robbery conviction qualifies as a predicate offense under the elements clause of § 4B1.2(1)(i) because it contains, as an element, the use or threatened use of force. *United States v. McGuire*, No. 16-3282, 2017 WL 429251, at *2 n.2 (10th Cir. Feb. 1, 2017) (noting that § 4B1.2(1)(ii) of the guidelines, which defines "crime of violence," contains language identical to the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii)). The Tenth Circuit stated that § 2113(a) is divisible and applied the modified categorical approach to determine which elements of the bank robbery statute formed the basis of the defendant's conviction. It acknowledged that "[a]lthough § 2113(a) includes a taking 'by intimidation,' courts have stated that 'intimidation' involves the threat of physical force." *Id.* (citing *United States v. McBride*, 826 F.3d 293, 295–96 (6th Cir. 2016); *Lloyd*, 2016 WL 5387665 at *5). The Tenth Circuit also stated that other courts have determined federal bank robbery qualifies as a predicate offense under the guidelines' elements clause. *Id.* As a result, the defendant was not sentenced under the residual clause of § 4B1.2(1)(ii), which was held unconstitutional in *United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015). *McGuire*, 2017 WL 429251 at *2.

Because defendant's sentence for use of a firearm during the attempted bank robbery was imposed under the force clause of § 924(c)(3)(A)—as opposed to the residual clause—*Johnson* and/or its line of reasoning is inapplicable. Defendant's § 2255 motion to vacate, set aside, or correct his sentence is denied.

### III.     Motion to Amend

Defendant seeks to amend his § 2255 motion to add two claims (1) his sentence violates the double jeopardy clause of the Fifth Amendment and (2) ineffective assistance of counsel based on the

alleged error in calculating his total offense level. (Doc. 228, at 1–2.) Defendant claims that he was penalized twice because he received two sentence enhancements for the same conduct—a 5-level enhancement because firearms were possessed during the robbery, U.S.S.G. §2B3.1(b)(2)(C), and an additional five years for using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). (Doc. 99, at 12–13.)

Defendant's motion to amend was filed beyond the one-year statute of limitations period under 28 U.S.C. § 2255(f). Moreover, defendant's claims in his motion to amend do not relate to his original claim that *Johnson v. United States* dictates that his conviction and sentence pursuant to 18 U.S.C. § 924(c) must be vacated because the residual clause is unconstitutionally vague. *See United States v. Torres*, 25 F. App'x 797, 802 (10th Cir. 2002) ("an amendment to a § 2255 motion 'which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may . . . relate back . . . if and only if the . . . proposed amendment does not seek to add a new claim or to insert a new theory into the case.'") (quoting *United States v. Espinoza-Saenz*, 235 F.3d 501, 504–05 (10th Cir. 2000)). Defendant's motion to amend is denied because his claims are untimely and do not develop his original claim in any way.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant Claude White's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 216) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion to Amend the Pending Title 28 U.S.C. § 2255 Petition Currently Before the Court (Doc. 228) is denied.

-5-

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 27th day of February, 2017, at Kansas City, Kansas.

s/ Carlos Murguia<br>
**CARLOS MURGUIA**<br>
**United States District Judge**